## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION
## AT DAYTON

| | | |
|---|---|---|
| **MICHELLE L. CRAIG** | : | Case No.: |
| 15 Deger Ct. | : | |
| Brookville, OH 45309 | : | Judge: |
| | : | |
| **Plaintiff**, | : | Magistrate: |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| **PRINCIPAL LIFE INSURANCE** | : | |
| **COMPANY** | : | |
| 711 High Street 750-3A24 | : | |
| Des Moines, IA 50392 | : | |
| | : | |
| **Defendant**. | : | |

## COMPLAINT

For her Complaint against the Defendant, Principal Life Insurance Company, Plaintiff, Ms. Michelle Craig states as follows:

### Parties

1. The Plaintiff, Ms. Craig, was at all relevant times an employee of Good Samaritan Hospital ("Good Sam") and a participant in an employee benefit plan (the "Plan") established and maintained by Principal Life Insurance Company under the provisions of the Employee Retirement Income Security Act for the purpose of paying long-term disability benefits.

2. The Defendant, Principal Life Insurance Company (hereinafter "PLIC"), at all times relevant to this proceeding, is the insurer, underwriter, and/or administrator, under Claim No. 5779037 (the "Policy"), of the long-term disability benefits at issue in this case. PLIC is, therefore, a real party in interest with

respect to this claim.

3. Good Sam was the employer of Plaintiff Ms. Craig at all times relevant to this action in Dayton, Montgomery County, Ohio.

## Jurisdiction and Venue

4. The Plaintiff's claims arise under ERISA. Jurisdiction is based on 29 U.S.C. § 1132.

5. The Plan is administered, in part, in Montgomery County, Ohio. Venue is appropriate in the Western Division of the Southern District of Ohio.

## Facts Common to All Claims

6. The Plaintiff, Ms. Craig, was employed by Good Sam as a Patient Care Tech and Monitor Tech.

7. As an employee of Good Sam, Ms. Craig was eligible to participate in the Plan.

8. Under the Policy, Ms. Craig was entitled to disability benefits if she met the definition of disabled under the Policy.

9. Ms. Craig was entitled to long-term disability benefits so long as she met the definition under the Policy.

10. On or about May 22, 2017, Ms. Craig became disabled and applied to PLIC for disability benefits.

11. Ms. Craig was paid benefits from May 31, 2017 to October 9, 2017.

12. Ms. Craig was ultimately denied benefits following October 9, 2017 and she has exhausted her administrative appeal options. The final administrative denial in this proceeding is dated July 20, 2018 issued by PLIC, and finding that Ms. Craig is able to perform medium level work and because her own occupation is sedentary, she does not meet the definition of Disability for LTD benefits.

## Count I- For Long-Term Benefits

13. The foregoing allegations are incorporated by reference as if fully rewritten herein.

14. Ms. Craig brings this claim under 29 U.S.C. § 1132 and seeks payment of long-term disability benefits.

15. Ms. Craig is disabled under the Plan and is entitled to long-term disability benefits.

16. The decisions of PLIC denying Ms. Craig's claim were arbitrary and capricious because, *inter alia*, in light of Ms. Craig's physical diagnosis and limitations, Ms. Craig is unable to perform the main duties or tasks that are normally required of her occupation.

WHEREFORE, the Plaintiff, Ms. Craig, demands judgment in her favor and against the Defendant, PLIC, as follows:

A. A determination that Ms. Craig is disabled and entitled to long-term disability benefits;

B. A lump sum award of long-term disability benefits, calculated based upon the monthly payment to which Ms. Craig was entitled, from the date benefits first should have been paid.

C. An order directing Defendant to pay a monthly benefit to Ms. Craig commencing on the date of judgment and continuing until Ms. Craig no longer satisfies the definition of disability under the Plan;

D. Pre-judgment and post-judgment interest;

E. Attorney's fees and the costs of this action; and

F. Such other and further relief as the Court determines to be equitable and just.

Respectfully submitted,

/s/ Robert L. Raper_____
**ROBERT L. RAPER (0075847)**
Dyer, Garofalo, Mann & Schultz
131 N. Ludlow St.,
Suite 1400
Dayton, Ohio 45402
937-223-8888
937-424-2885 (fax)
rraper@dgmslaw.com
Attorney for Plaintiff, Ms. Craig